IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **HERMAN MARVIN JONES II,** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. CV-F-06-724 OWW (No. CR-F-04-5073 OWW)  MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT FOR RESPONDENT AND TO CLOSE THIS CASE |
| **Petitioner,** | | |
| **vs.** | | |
| **UNITED STATES OF AMERICA,** | | |
| **Respondent.** | | |

On June 9, 2006, Petitioner Herman Marvin Jones II, proceeding *in pro per*, filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. By this motion, Petitioner requests that his federal sentence be adjusted for the time he spent in state custody pursuant to a Federal Detainer and that the Court issue a sentencing recommendation to the Bureau of Prisons for Petitioner's participation in the Residential Drug Abuse Program.

A Section 2255 motion tests the propriety of the sentence imposed, and not its execution. *United States v. Espinoza,* 866 F.2d 1067, 1071 (9th Cir.1988). Claims attacking the execution of sentence are properly brought under 28 U.S.C. § 2241. *United States v. Giddings*, 740 F.2d 770, 772 (9th Cir.1984). 18 U.S.C. § 3585(b) authorizes the Attorney General, through the Federal Bureau of Prisons, to award credit at the time the defendant begins to serve his federal sentence. *United States v. Wilson*, 503 U.S. 329, 333-334 (1992). A district court has no authority to compute credit at sentencing. *Id.; accord United States v. Checchini*, 967 F.3d 348, 349 (9th Cir.1992).

A petitioner must bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the district court for the district in which Petitioner is confined. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (9th Cir.1998); *United States v. Giddings*, *supra,; Brown v. United States*, 610 F.2d 672, 677 (9th Cir.1980).

At the time Petitioner filed his Section 2255 motion he was incarcerated at the Federal Correctional Institution, Taft, California, which is within the Eastern District of California. Although the Court could construe Petitioner's Section 2255 motion as a Section 2241 motion, the Court declines to do so in this case. A federal prisoner is required to exhaust federal administrative remedies before bringing a habeas petition in federal court. Petitioner makes no allegation or showing that he has complied with these administrative remedies. The Court takes judicial notice of the Federal Bureau of Prison's website,

2

indicating that Petitioner is presently incarcerated at Terminal Island FCI, located in the Central District of California. When and if Petitioner exhausts BOP administrative remedies, he may file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Central District of California.

Petitioner's request that the Court issue a sentencing recommendation to the Bureau of Prisons for Petitioner's participation in the Residential Drug Abuse Program also is not cognizable under Section 2255. 28 U.S.C. § 2255(a) allows a federal prisoner to bring a Section 2255 motion if Petitioner claims "the right to be released upon the ground that th sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Petitioner makes no such claim here.

For the reasons stated:

1. Petitioner Herman Marvin Jones II's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is DENIED;

2. The Clerk of the Court is directed to ENTER JUDGMENT FOR RESPONDENT and to close this case.

IT IS SO ORDERED.

Dated:   February 17, 2009              /s/ Oliver W. Wanger
                                        UNITED STATES DISTRICT JUDGE